UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RANDY COWHERD,<br><br>Petitioner,<br><br>vs.<br><br>BOB DOOLEY, WARDEN, SDSP; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 5:18-CV-05039-JLV<br><br><br>ORDER |

**INTRODUCTION**[1]

This matter is before the court on Randy Cowherd's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Cowherd is currently incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief United States District Judge.

---

[1] The court takes judicial notice of the documents which have been filed in Mr. Cowherd's underlying criminal case in state court (State v. Cowherd, File No. 51 CR 15-004050, Seventh Judicial Circuit, Pennington County, South Dakota) and his state habeas action (Cowherd v. Dooley, File No. 51 CV 17-001680, Seventh Judicial Circuit, Pennington County, South Dakota). The court has been provided with the electronic version of those files. The respondents have additionally filed paper copies of many of the relevant state-court documents as attachments to their brief (Docket 7) in this pending action. Unless otherwise noted, references to docket numbers in this opinion will be to the CM/ECF docket numbers assigned to documents filed in this federal habeas corpus matter.

## FACTS

Mr. Cowherd was convicted of driving while intoxicated in Pennington County, South Dakota, on February 24, 2016. See State v. Randy L. Cowherd, File No. 51 CR 15-004050, (Seventh Judicial Circuit, Pennington County, South Dakota); Docket 7-1, p. 12. Mr. Cowherd subsequently admitted to five prior DWI convictions as alleged in the Part II habitual offender information which had been filed by the state. Docket 7-2. On April 5, 2016, the trial court, the Honorable Robert Guisinsky presiding, sentenced Mr. Cowherd to ten years' imprisonment in the South Dakota State Penitentiary, with four years suspended. Docket Nos. 7-3; 7-10.

Mr. Cowherd filed a direct appeal. Docket 7-4. Mr. Cowherd's trial counsel did not believe there were any arguably meritorious issues for appeal, but did assist Mr. Cowherd in submitting a Korth[2] brief to the South Dakota Supreme Court. Docket 7-4. On direct appeal, Mr. Cowherd raised the following issues:

1. Mr. Cowherd asked trial counsel to obtain the security video from the bar where he (Cowherd) had been drinking the night of his DWI arrest to show proof of his alcohol intake, but counsel did not procure the video. Counsel also did not procure an independent blood alcohol expert.

2. After Mr. Cowherd's first attorney quit and he was appointed a public defender, his request for an alternate representation was denied;

---

[2] State v. Korth, 650 N.W.2d 528 (S.D. 2002). In South Dakota, a Korth brief provides "an alternative briefing procedure for criminal appeals where court appointed counsel identifies no 'arguably meritorious' issues for appeal. The procedure requires bifurcated briefing in which counsel indicates in Section A of the brief that he has not identified any arguably meritorious issues for appeal and submits, in Section B of the brief, any claim of error requested by the client." People ex rel. South Dakota Dept. of Social Services, 678 N.W.2d 594, 597 (S.D. 2004).

2

3. Mr. Cowherd's public defender failed to obtain an independent blood alcohol expert;

4. Mr. Cowherd's public defender failed to adequately cross-examine the state's blood alcohol expert at trial and failed to adequately question Mr. Cowherd and/or object to the state's cross-examination of Mr. Cowherd;

5. Mr. Cowherd's trial counsel refused to file a direct appeal, forcing Mr. Cowherd to file a *pro se* direct appeal.

Id.

On March 27, 2017, the South Dakota Supreme Court summarily affirmed Mr. Cowherd's conviction. Docket 7-5.

On September 26, 2017, Mr. Cowherd filed his first *pro* se petition for habeas corpus in state court.[3] Docket 7-6. Since then, on February 8, and February 26, 2018, Mr. Cowherd filed amended *pro* se petitions for habeas corpus in state court. Dockets 7-8 and 7-9. The issues Mr. Cowherd raised in his second amended state habeas petition are:

1. Mr. Cowherd was denied effective assistance of counsel at trial because trial counsel did not object to the state's expert's speculative testimony regarding Mr. Cowherd's blood alcohol content;

2. Mr. Cowherd was denied effective assistance of counsel at trial because trial counsel did not object to the state's exhibit A, which contained the same speculative information about Mr. Cowherd's blood alcohol content.

Docket 7-9.

On August 28, 2018, the circuit court issued a memorandum decision dismissing Mr. Cowherd's claims and denying a certificate of probable cause.

---

[3] Mr. Cowherd's petition and accompanying documents were dated September 26, 2017. They were not filed by the clerk until November 8, 2017. This court will consider them to have been filed as of the date indicated on Mr. Cowherd's petition.

3

The South Dakota Supreme Court also denied Mr. Cowherd's request for a certificate of probable cause on November 27, 2018, because Mr. Cowherd had failed to properly serve his motion upon the Attorney General as required by SDCL § 21-27-18.1. See Docket No. 19-2. Mr. Cowherd concedes before this court that his motion for a certificate of probable cause before the Supreme Court was denied for failure to serve the proper parties. See Docket No. 22 at p. 1.

In state court, Mr. Cowherd then made a motion to the South Dakota Supreme Court for relief from judgment on the grounds of mistake, in essence asking that court to reconsider its denial of his motion for a certificate of probable cause. See Docket No. 22 at p. 1. The South Dakota Supreme Court denied this motion on January 19, 2019. See Docket No. 19-3.

On June 14, 2018, Mr. Cowherd filed his federal petition for habeas corpus pursuant to 28 U.S.C. § 2254. The issues Mr. Cowherd raises in this federal petition are:

1. Ineffective assistance of counsel (several sub-parts);
2. Denial of alternate court-appointed counsel;
3. Partiality of the trial judge; and
4. Malicious prosecution.

Initially, respondents moved to dismiss Mr. Cowherd's § 2254 petition because it was partially unexhausted when he filed it. See Docket No. 6. Since then, Mr. Cowherd presented his claims in state court. The respondents now move to dismiss Mr. Cowherd's § 2254 petition for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). See Docket No. 18. Mr. Cowherd resists

4

the motion. Before addressing the grounds urged by respondents, however, the court must clarify whether respondents are waiving the defense of procedural default, a doctrine they do not mention in their motion.

## DISCUSSION

This court previously addressed the doctrine of exhaustion of federal habeas claims in state court. See Docket Nos. 5 & 9. A closely related concept to the exhaustion doctrine is the doctrine of "procedural default." Both doctrines are animated by the same principles of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982), overruled in part on other grounds by Martinez v. Ryan, 566 U.S. 1 (2012).[4] While the exhaustion rule asks *whether* a petitioner has exhausted his remedies in state court, the procedural default rule asks *how he has exhausted*: did the petitioner *properly* exhaust those remedies under state law? O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

Procedural default is sometimes called the "adequate and independent state grounds" doctrine. "Procedural default" occurs when a habeas petitioner fails to follow a state procedural rule in presenting his federal constitutional

---

[4] The Martinez decision modified that part of the Coleman decision involving whether ineffective assistance of habeas counsel can constitute "cause" excusing a procedural default. See Martinez, 556 U.S. at 8 (holding that, where state law required that ineffective assistance of counsel claims may not be raised until habeas proceedings, ineffectiveness of habeas counsel may supply "cause" sufficient to excuse a procedural default).

5

claim in the state courts. Trevino v. Thaler, 569 U.S. 413, 421 (2013). The doctrine of "procedural default" is intended to "prevent federal courts from interfering with a State's application of its own firmly established, consistently followed, constitutionally proper procedural rules." Id. If a habeas petitioner "procedurally defaults" a claim in state court by failing to follow a state procedural rule, and if the last state court "rendering a judgment in [petitioner's] case 'clearly and expressly' states that its judgment rests on a state procedural bar," then federal courts may not consider a federal claim on the merits. Harris v. Reed, 489 U.S. 255, 263 (1989). This is true even if the state court also addresses the claim on the merits in the alternative. Id. at 264 n.10.

If federal courts allowed procedurally defaulted claims to be heard on their merits in federal court, they would be allowing habeas petitioners to perform an "end run" around state procedural rules. Coleman, 501 U.S. at 731-32, 735 n.1. However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return to state court as would be the case in a dismissal for failure to exhaust state remedies. Here, it would be pointless to remand Mr. Cowherd back to state court as there are no more state remedies available to him. See Docket No. 19-3.

A state procedural default bars federal habeas review **unless** the petitioner can demonstrate (1) "cause" for the default *and* (2) actual prejudice as a result of the violation of federal law. Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992) (citations omitted, emphasis added). If no "cause" is found, the court need not consider whether actual prejudice occurred. Id. at

6

985; Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted). "The requirement of cause . . . is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . ." Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). The habeas petitioner must show that "some objective factor *external to [petitioner]* impeded [his] efforts." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating that the factual or legal basis for a claim was not reasonably available to the petitioner at the time or that there was interference by officials which prevented the petitioner from exhausting his state remedies. Murray, 477 U.S. at 488. A petitioner's lay status, *pro se* status, and lack of education are not sufficient cause to excuse a procedural lapse in failing to pursue state court remedies. See Stewart v. Nix, 31 F.3d 741, 743 (8th Cir. 1994); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). Illiteracy or low intelligence are also not enough to demonstrate cause. See Criswell v. United States, 108 F.3d 1381, *1 (8th Cir. 1997) (unpub'd.); Cornman, 959 F.2d at 729. Finally, neither is ignorance of the law. Maxie v. Webster, 978 F.2d 1264, *1 (8th Cir. 1992) (unpub'd.).

Here, Mr. Cowherd has procedurally defaulted his claim in state court because he failed to serve the attorney general when moving the South Dakota Supreme Court for a certificate of probable cause. See Docket No. 19-2. The South Dakota Supreme Court explicitly relied upon this procedural default in denying Mr. Cowherd's motion for a certificate of probable cause. Id.

7

Furthermore, the requirement of serving the Attorney General with a motion for a certificate of probable cause is clearly and explicitly required by established South Dakota law. Section 21-27-18.1 of the South Dakota Codified Laws states: "*Service of . . . a motion for a certificate of probable cause . . . must be made upon . . . the attorney general. . . by the party seeking the habeas corpus relief.*" <u>See</u> SDCL § 21-27-18.1 (emphasis added).

In this court's experience, the South Dakota Supreme Court regularly enforces the requirement of service on the attorney general. <u>See e.g.</u> <u>Burritt v. Young</u>, Civ. 14-5078, Docket No. 10 at p. 14. In an analogous case, a habeas petitioner who had filed a motion for a certificate of probable cause one day late asked the South Dakota Supreme Court to find that he had "substantially complied" with SDCL § 21-27-18.1. <u>Hannon v. Weber</u>, 638 N.W.2d 48, 49-50 (S.D. 2001). The court refused, noting that it regularly dismisses motions for certificates of probable cause to that court based on the plain language of the statute, even if they are one day late. <u>Id.</u> The court stated "it is not our task to revise or amend, via judicial opinions, statutes or court rules, or to 'liberally construe a statute or court rule to avoid a seemingly harsh result where such action would do violence to the plain meaning of the statute under construction.'" <u>Id.</u> at 50 (cleaned up).

Here, as in <u>Hannon</u>, the statutory language is clear: Mr. Cowherd was required to serve the attorney general with his motion for a certificate of probable cause. He failed to do so and the South Dakota Supreme Court denied his motion on that procedural basis. The conclusion seems inescapable

8

that Mr. Cowherd's claims in his federal habeas petition are procedurally defaulted.

The doctrine of procedural default is not jurisdictional, but before a federal habeas court may determine the state has waived procedural default as a defense, the state's counsel must "expressly waive[] the requirement." See 28 U.S.C. § 2254(b)(3). Here, the state's counsel addressed exhaustion of state remedies in his pleadings, but counsel did not address procedural default. Because state counsel simply does not address procedural default, the court is not at liberty to assume or infer that the state is waiving this defense—counsel must explicitly waive the defense. Id. Accordingly, the court will require counsel for respondents to file a written pleading with the court indicating whether the state is waiving the defense of procedural default.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that counsel for respondents shall file with the court no later than close of business May 16, 2019, a pleading indicating whether respondents are waiving the defense of procedural default. If respondents are not waiving that defense, counsel is directed to address in his pleading the application of the doctrine to Mr. Cowherd's case including whether service on the attorney general of a motion for a certificate of probable cause pursuant to SDCL § 21-27-18.1 is a firmly established, consistently followed, and constitutionally proper procedural rule of the state. It is further

ORDERED that if respondents assert the defense of procedural default, Mr. Cowherd may file a responsive pleading no later than May 30, 2019. In his

9

response, Mr. Cowherd should address (1) whether the doctrine should be applied to him and (2) whether his procedural default is excused by cause and actual prejudice.

DATED May 2, 2019.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge